# 97 DTA 117

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

BARNES Y GARCIA CONSTRUCTION, INC.
Recurrida

v.

PONCE FEDERAL BANK, FSB, HOY PONCE BANK; BUENA VISTA MANAGEMENT CORP.;
CARLOS DE LA LUZ ARENAL, SU ESPOSA MAYI COLON MORALES, Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Peticionarios y otros Demandados

Núm. KLCE-97-00311

San Juan, Puerto Rico, a 14 de mayo de 1997

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El peticionario, Ponce Federal Bank, FSB, (Ponce Bank), nos solicita la revisión de la resolución y orden del Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó su solicitud de descalificación de los abogados de la recurrida, en un pleito instado en su contra por Barnés & García Construction, Inc. (Barnés & García).

Alega Ponce Bank en su recurso que el tribunal cometió error al evaluar los hechos, al interpretar la norma de descalificación de abogados, al no determinar que el juicio profesional de los abogados de la recurrida podía quedar afectado por sus intereses personales y al no considerar ni determinar que aplicaba a dichos abogados el Canon 38 del Código de Etica Profesional. En su oposición, Barnés & García refuta las alegaciones del Banco peticionario en escrito debidamente fundamentado.

Considerados los planteamientos de las partes, los documentos sometidos y la resolución, y orden recurrida, a la luz del derecho aplicable, procede denegar la expedición del recurso.

### I

Los hechos que enmarcan la controversia son los siguientes. En un pleito de incumplimiento de contrato y daños instado por Barnés & García contra Ponce Bank, este último solicitó la descalificación de los abogados de Barnés & García, el Lcdo. José F. Quetglas Alvarez, los Lcdos. José F. y Eric M. Quetglas Jordán y la Lcda. Marieli Quetglas Jordán. En síntesis, el peticionario basó su solicitud de descalificación en que los licenciados Quetglas representaron al Ponce Federal (hoy Ponce Bank) en un pleito complicado ante la Corte de Distrito de los Estados Unidos para el Distrito de P.R. (la Corte Federal), que advinieron en conocimiento de los procedimientos, normas internas, información confidencial, funciones y responsabilidades de los funcionarios del Ponce Federal. Alegó, además, que los abogados en cuestión estuvieron envueltos en varias transacciones de préstamos con Ponce Federal, que desembocaron en un pleito entre sí y que la recurrida podía obtener otra representación legal. Planteó que el préstamo en el que se basa la demanda de epígrafe, data de la época en que los licenciados Quetglas ostentaban la representación del Ponce Federal. Citó los Cánones de Etica Profesional, jurisprudencia sobre descalificación de abogados y solicitó del tribunal que descalificara y ordenara a los abogados de la recurrida de abstenerse de participar en cualquier forma en los procedimientos de este caso.

Barnés & García se opuso a la descalificación de sus abogados, a base de que no existe relación sustancial alguna entre las materias de este litigio y las del pleito ante la Corte Federal, que no existe información confidencial, adquirida por medio de su representación legal del Ponce Federal, en su poder y que la solicitud de descalificación dentro de las circunstancias prevalecientes constituiría una restricción irrazonable de seleccionar los abogados de su predilección.

Luego de analizar las normas legales y jurisprudenciales aplicables, los hechos no controvertidos y las materias de los pleitos invocados, el tribunal determinó que no existe relación sustancial alguna entre los hechos, circunstancias y controversias del pleito anterior y éste que puedan dar lugar a conflicto de intereses por la representación sucesiva de los abogados y denegó la solicitud de descalificación.

Las alegaciones, los documentos que los acompañan y el derecho sustentan la determinación recurrida.

### II

En el caso de *Liquilux Gas Corp. v. Berríos,* 138 D.P.R. ___ (1995), **95 J.T.S. 92,** pág. 1033, nuestro Tribunal Supremo evaluó extensamente el Canon 21 del Código de Etica Profesional relativo a conflictos de intereses en representación de abogados, 4 L.P.R.A. Ap. IX. Aunque en dicho caso se consideró la representación simultánea de una corporación íntima y sus accionistas por un mismo bufete de abogados, y se sostuvo la descalificación solicitada, el análisis de la opinión arroja luz sobre la controversia ante nos.

El Canon 21 impone al abogado deber de lealtad en su representación, respecto al ejercicio de un criterio profesional independiente y desligado de sus propios intereses y la no divulgación de

confidencias que el cliente haya compartido durante el transcurso de la representación legal pasada y presente. Respecto a la primera circunstancia, el abogado tiene el deber de renunciar a la representación profesional, cuando los intereses del cliente estén reñidos con los suyos. En la segunda circunstancia, se prohibe a un abogado que incurra en una representación simultánea o sucesiva adversa. La anterior prohibición no significa que un abogado no pueda representar simultánea o sucesivamente a dos clientes en asuntos similares, sino que prohibe representar *"a un cliente en una controversia que esté sustancialmente relacionada a la de otro cliente actual o anterior cuando los intereses de ambos sean adversos."* ■ *Ibid,* pág. 1037 y autoridades allí citadas.

Abundante jurisprudencia de nuestro Tribunal Supremo ha considerado circunstancias, factores, hechos específicos y los ha analizado conforme la norma ética consagrada en el Canon 21. Como guías pertinentes, vale señalar que aunque no es necesario que se aporte prueba sobre una violación ética para que proceda una moción de descalificación, es deber del tribunal sopesar los intereses en conflicto desarrollados jurisprudencialmente. Estos se resumen en: legitimación activa del promovente, gravedad del conflicto de intereses, complejidad de la controversia, especialización o experiencia del abogado, etapa procesal en que se presenta y el propósito de la descalificación. *Ibid,* pág. 1039. Si surge conflicto de intereses por representación simultánea o sucesiva de clientes el abogado no sólo debe abstenerse de la representación legal, sino que tampoco debe divulgar secretos o confidencias del cliente. *In re: Lic. Rafael Toro Cubergé,* 140 D.P.R. ___ (1996), **96 J.T.S. 48,** pág. 933.

En el presente caso, el Banco peticionario cuestiona la evaluación de los hechos efectuada por el tribunal recurrido para sostener su denegatoria a la solicitud de descalificación y su determinación de que la representación legal en el pleito ante la Corte Federal y el presente pleito no tratan sobre materias sustancialmente relacionadas.

Hemos examinado la relación de hechos expuesta en la resolución recurrida y ésta está íntimamente atada a la evaluación por el tribunal de las materias, hechos y alcances de ambos pleitos, según la documentación y las alegaciones sometidas por las partes. Coincidimos con el tribunal en que las alegaciones de Ponce Bank son conclusioras y que no están sustentadas por hechos específicos. Ante este Tribunal tampoco ha presentado los hechos específicos que derrotan la relación de la resolución, que son erróneos o que no están basados en los que tuvo el tribunal ante su consideración.

Contrario a lo que sostiene el peticionario, el tribunal evaluó sus alegaciones y las del recurrido, conforme la prueba documental y encontró que no se daban en este caso los elementos para la descalificación solicitada. Nada hay en el expediente que controvierta la determinación de que no existe relación sustancial alguna entre los hechos, circunstancias o controversias del pleito anterior y el presente, que den lugar a la alegación de conflicto de intereses o de intereses adversos.

En síntesis, las partes en el caso federal y en éste, con excepción del Banco, no tienen relación alguna entre sí como tampoco las relaciones bancarias y las reclamaciones contra el Banco de qué trata uno y otro. En el pleito ante la Corte Federal esencialmente se imputaba al Ponce Federal que impuso a la parte allí contraria como condición para otorgar un préstamo para compra de caballos el obtener financiamiento adicional para hacer transacciones sobre una propiedad perteneciente a una corporación en que uno de los oficiales del Banco tenía intereses propietarios. Apéndice del recurso, pág. 91. ■

En el presente pleito, no hay ni alegación ni implicación alguna de que medió circunstancia como la anterior, que dio lugar al pleito en la Corte Federal. La demanda de Barnés & García en éste se basa en alegaciones de daños e incumplimiento de contrato del Ponce Bank al certificar que unos planos de construcción del Condominio Floral estaban correctos, cuando posteriormente A.R.P.E. ordenó la paralización de dicho proyecto por violaciones a sus reglamentaciones. Además, en que el Banco ejecutó el proyecto en perjuicio de Barnés & García, a quien no le pagó el retenido, la mano de obra y materiales. Apéndice del recurso, pág. 1.

Aun cuando el préstamo de construcción a que se refiere este caso data para la fecha en que los licenciados Quetglas representaron al Banco en el pleito federal, esto es, 1989, dicho pleito terminó en ese mismo año. Conforme las alegaciones del presente pleito, la causa de acción surgió en éste para

1992. El hecho de que los abogados defendieran la entereza de funcionarios bancarios en aquel caso, no les limita en litigar un incumplimiento en éste, donde no hay alegación que implique la falta de entereza del Banco.

El dictamen en torno a la falta de sustancialidad de las materias y a la ausencia de relación entre el pleito anterior y éste, para evaluar si median intereses adversos en la representación sucesiva no es a nuestro juicio, errado, conforme las normas aplicables vigentes.

La jurisprudencia citada por el tribunal recurrido, consistentemente apoya su determinación de que las materias de las representaciones tienen que estar sustancialmente relacionadas, en garantía de la protección de que las confidencias y secretos del cliente anterior no se usen en su contra posteriormente; que compete al cliente demostrar la sustancialidad de las materias; que la norma sobre representación legal no proscribe representar sucesivamente a dos clientes en asuntos similares, aun si son adversos si no están relacionados; que está proscrita la representación simultánea de clientes con intereses adversos, lo que no es de aplicación a este caso. *Pueblo v. Sánchez Molina,* 140 D.P.R. ___ (1996), **96 J.T.S. 20,** pág. 695; *Liquilux Gas Corp., supra; Robles Sanabria, Ex Parte,* 133 D.P.R. ___ (1993), **93 J.T.S. 104,** pág. 10877; *P.R. Fuels, Inc. v. Empire Gas Co., Inc.,* 133 D.P.R. ___ (1993), **93 J.T.S. 56,** pág. 10615; *In re: Carreras Rovira,* 115 D.P.R. 778 (1984).

La imputación del recurrente de que el envolvimiento de los abogados en transacciones, alegaciones de actuaciones indebidas con el Banco tiene que afectar su ánimo, objetividad y juicio profesional para con su anterior cliente y el presente, carece de fundamento, en atención a la naturaleza de las reclamaciones de su representado, Barnés & García.

Consideramos que el tribunal sí consideró que no mediaba en este caso la *"apariencia de conducta profesional impropia"* a que se refiere el Canon 38. A la página 3 de su resolución, específicamente señaló, citando a *In re: Carreras Rovira, supra,* que la apariencia de impropiedad será utilizada para resolver dudas sobre conflictos de intereses, en favor de la descalificación. Incluyó éste como uno de los elementos a sopesar y en su evaluación de éstos, decidió que la alegació.: de esa apariencia, no era suficiente de por sí, y que no se daba en este caso. Pág. 9 de la resolución. Apéndice del recurso, pág. 177.

En definitiva, entendemos que el tribunal recurrido aplicó correctamente el derecho y que no procede intervenir en su apreciación de los hechos, puesto que están sustentados en el expediente que tuvo ante su consideración.

Debemos señalar que las inquietudes del peticionario en que los conocimientos de los abogados impugnados sobre el caso federal podría dar base a un descubrimiento de prueba *"avasallador",* incluidas en las páginas 9 y 16 de su recurso, es materia a ser regulada y controlada por el tribunal recurrido, conforme las normas de nuestro ordenamiento procesal sobre el descubrimiento de prueba. Este requiere, además de control del caso por el tribunal, que las partes ejerzan colaboración con el tribunal en la dilucidación justa, rápida y económica de los procedimientos. En su consideración de la controversia objeto de la reclamación de epígrafe, teniendo en cuenta las alegaciones del incidente procesal que motivó este recurso, el tribunal deberá guiar los trámites de forma que se eviten discordias innecesarias y desvío de la cuestión central a decidir.

### III
En virtud de todo lo anterior, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 97 DTA 117**

**1.** *Ponce Federal Bank v. Ramiro Luis Colón Muñoz, et als,* cuya causa de acción comprendía: *"RICO Claim, breach of fiduciary duty, collection of monies, foreclosure of pledge and mortgages, and damages".* Ver párrafos 99, 108-110.